IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
AUSTIN DIVISION
2005 MR 18 PM 4:35
WESTERN DISTRICT OF TEXAS
U.S. CLERK'S OFFICE
BY:_____ DEPUTY

| | |
|---|---|
| SCHLOTZSKY'S, LTD., § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. _____ |
| § | |
| STERLING PURCHASING & § | **A05CA195 SS** |
| NATIONAL DISTRIBUTION CO., § | |
| INC., § | |
| Defendants. § | |

### PLAINTIFF SCHLOTZSKY'S, LTD.'S ORIGINAL COMPLAINT

Plaintiff, Schlotzsky's, Ltd., for its complaint against Sterling Purchasing & National Distribution Co., Inc., alleges:

### THE PARTIES

1.  Schlotzsky's, Ltd., formerly known as Cox Acquisitions, Ltd., is a Texas limited partnership with its principal place of business in Austin, Texas.

2.  Sterling Purchasing & National Distribution Co., Inc., is a corporation organized and existing under the laws of Kentucky, with its principal place of business in Louisville, Kentucky.

### JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction under 28 U.S.C. § 1332, because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest, fees, and costs, and is between citizens of different states.

4. Venue properly lies in this District pursuant to 28 U.S.C. §1391(a)(2) because a substantial portion of the events or omissions giving rise to the claims occurred in this District, and Sterling is subject to personal jurisdiction here.

## FACTS

5. Schlotzsky's, Ltd. is the franchisor of the Schlotzsky's® franchise system. In August 2004, the predecessor franchisor and various of its affiliates (collectively "Debtors") filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. On December 10, 2004, the United States Bankruptcy Court for the Western District of Texas, San Antonio Division, issued a Sale Order that, among other things, authorized and approved the sale of the Debtors' assets to the Bobby Cox Companies, Inc. ("Bobby Cox"), which later assigned its rights to these assets to Cox Acquisitions, Ltd., now known as Schlotzsky's, Ltd.

6. The assets that Schlotzsky's, Ltd. now owns include, among other things, all Schlotzsky's trademarks, service marks, trade secrets, franchise agreements, and the proprietary Schlotzsky's operating system.

7. Pursuant to those franchise agreements and the Schlotzsky's operations manual, Schlotzsky's, Ltd., as franchisor, has the right and authority to, among other things: establish operating requirements for franchised Schlotzsky's restaurants, including the food and other products that franchisees are allowed to serve or use; review and approve all food and other products before franchisees may sell or use them; review and approve certain suppliers before their products may be used in the Schlotzsky's franchise system; and review and approve all food distributors before they may sell products to Schlotzsky's franchisees.

8. By letter dated September 7, 2004, the predecessor franchisor approved Sterling as a non-exclusive supply chain manager for the Schlotzsky's franchise system. The letter

2

unambiguously informed Sterling that the Schlotzsky's franchisor retained the unfettered right and authority to revoke this approval, simply by sending written notice to Sterling, product suppliers, and Schlotzsky's franchisees. The letter also stressed that the Schlotzsky's franchisor "has full right and authority to review and approve all products to be used in the Schlotzsky's Restaurant system and all Suppliers and distributors of products who sell products to franchisees for use in the Schlotzsky's restaurant system." See September 7, 2004, letter from Sam Coats to Fred and Rick Jeffrey, attached as Exhibit A.

9.  Since its approval as a non-exclusive supply chain manager and, upon information and belief, for a considerable time before receiving that approval, Sterling has engaged in a sustained campaign of wrongful conduct, in a continuing effort to acquire exclusive dominance and control over food distribution in the Schlotzsky's franchise system; eliminate competition; coerce and extort contracts and financial payments from product suppliers and distributors; and subvert the rights, authority, and privileges of Schlotzsky's, Ltd. as franchisor, by interfering with Schlotzsky's, Ltd.'s agreements with franchisees and suppliers.

10. Sterling's unlawful acts (which have come to light to date) include, among other things:

    a.    Misrepresenting to franchisees, suppliers, and distributors its status in the Schlotzsky's franchise system, by falsely claiming that it had certain exclusive distribution rights, rights to bind franchisees, and the right to speak and act for the Schlotzsky's franchisor;

    b.    Employing misrepresentations, coercion, and duress to induce product suppliers not to pay to the Schlotzsky's franchisor certain license fees that these suppliers were contractually obligated to pay;

3

c. Employing misrepresentations, coercion, and duress to induce suppliers to pay Sterling exorbitant fees, in order to maintain access to Schlotzsky's franchisees as customers;

d. Purporting to approve new food products, suppliers, and distributors without obtaining approval from the Schlotzsky's franchisor;

e. Inducing Schlotzsky's franchisees to breach their franchisee agreements by encouraging (and, sometimes, in effect forcing) them to buy, use and sell products that do not conform to Schlotzsky's operating requirements;

f. Employing misrepresentations, coercion and duress to persuade suppliers and distributors not to do business with Schlotzsky's franchisees unless they signed onerous, long-term, exclusive dealing contracts with Sterling;

g. Upon information and belief, conspiring with a former franchisee, who was at the time the head of a Schlotzsky's franchisee association, to misappropriate Schlotzsky's trade secrets by providing a miller with samples of Schlotzsky's proprietary bun mix, in a wholly unauthorized effort to "knock-off" that bun mix.

11. Sterling's tortious and unlawful acts have undermined Schlotzsky's, Ltd.'s rights as franchisor, substantially impaired its efforts to rehabilitate the franchise system following the Debtors' bankruptcies, and caused Schlotzsky's, Ltd. substantial damage, as well as irreparable injury for which Schlotzsky's, Ltd. has no adequate remedy of law.

### FIRST CAUSE OF ACTION
### Tortious Interference with Contract

12. Schlotzsky's, Ltd. incorporates paragraphs 1-11 as is fully set forth herein.

13. Through its unlawful acts, Sterling has tortiously interfered with Schlotzsky's, Ltd.'s rights under its franchise agreements and its agreements with product suppliers, causing

Schlotzsky's, Ltd. monetary damages, and other, irreparable harm for which there is no adequate remedy at law.

## SECOND CAUSE OF ACTION
### Common Law Unfair Competition and Unfair Trade Practices

14. Schlotzsky's, Ltd. incorporates paragraphs 1-13 as if fully set forth herein.

15. Through its wrongful acts, Sterling has engaged in unfair competition and unfair trade practices, causing Schlotzsky's, Ltd. damages and other, irreparable harm for which there is no adequate remedy at law.

## THIRD CAUSE OF ACTION
### Misappropriation of Trade Secrets

16. Schlotzsky's, Ltd. incorporates paragraphs 1-15 as if full set forth herein.

17. Schlotzsky's proprietary bun mix is a trade secret. By conspiring with a former franchisee to try to "knock off" that bun mix, Sterling misappropriated Schlotzsky's trade secrets, causing Schlotzsky's Ltd., irreparable harm for which there is no adequate remedy at law.

## FOURTH CAUSE OF ACTION
### Declaratory Judgment

18. Schlotzsky's, Ltd. incorporates paragraphs 1-17 as if fully set forth herein.

19. Sterling has acted in blatant disregard of its rights, obligations, and authority as a non-exclusive supply chain manager in the Schlotzsky's franchise system, and in blatant disregard of Schlotzsky's, Ltd.'s rights, obligations, and authority as the Schlotzsky's franchisor. Sterling's misconduct has caused, and is continuing to cause, widespread confusion, discord and disruption in the Schlotzsky's franchise system. Accordingly, Schlotzsky's, Ltd. seeks a declaration of Sterling's narrowly circumscribed role in the Schlotzsky's franchise system, pursuant to the September 7, 2004 letter approving it as a non-exclusive supply chain manager;

Schlotzsky's right to withdraw, revoke or cancel that approval and terminate Sterling's authorization to act as a non-exclusive supply chain manager, without incurring any liability to Sterling at law or in equity; and Schlotzsky's right to appoint, approve, and contract with suppliers and distributors in the exercise of its business judgment, including any suppliers or distributors currently used by Sterling.

**WHEREFORE**, Schlotzsky's, Ltd. demands judgment in its favor and against Sterling for:

a. Monetary damages;

b. Exemplary damages;

c. Pre- and post-judgment interest and costs;

d. Permanent injunction enjoining Sterling from:

  i. Misrepresenting its role in the Schlotzsky's franchise system;

  ii. Misrepresenting its rights and authority as a non-exclusive supply chain manager;

  iii. Misrepresenting its right to approve food products, suppliers, and distributors;

  iv. Tortiously interfering with Schlotzsky's, Ltd.'s contracts with franchisees and product suppliers;

  v. Encouraging, inducing or requiring Schlotzsky's franchisees to purchase, use or sell products that Schlotzsky's, Ltd. has not approved;

  vi. Encouraging, inducing, or requiring Schlotzsky's franchisees to take any action that would violate the specifications and requirements of the

    Schlotzsky's franchise system, as promulgated by Schlotzsky's, Ltd., or a predecessor franchisor.

  vii. Disclosing, without express written authorization from Schlotzsky's, Ltd., any trade secrets, proprietary information or know how of Schlotzsky's, Ltd.;

e. A declaration of:

 i. Sterling's narrowly circumscribed role in the Schlotzsky's franchise system;

 ii. Schlotzsky's, Ltd.'s right to approve all food and other products sold to Schlotzsky's franchisees, and all suppliers and distributors of such food and other products;

 iii. Schlotzsky's, Ltd.'s right to withdraw, revoke, or cancel Sterling's approval as a non-exclusive supply chain manager and to terminate Sterling's authorization to act in that capacity, without incurring any liability to Sterling at law or in equity.

 iv. Schlotzsky's right to appoint, approve, and contract with suppliers and distributors in the exercise of its business judgment, including any suppliers or distributors currently used by Sterling.

Dated March 18, 2005.

Respectfully submitted,

*Lisa Paulson* by /mr
Shannon H. Ratliff
Texas Bar No. 16573000
Lisa A. Paulson
Texas Bar No. 00784732
RATLIFF LAW FIRM, P.L.L.C.
600 Congress Avenue, Suite 3100
Austin, Texas 78701
(512) 493-9600
(512) 392-9625 (Facsimile)

-and-

Edward Wood Dunham
Connecticut State Bar No. 05429
WIGGIN AND DANA LLP
One Century Tower
New Haven, Connecticut 06510
(203) 498-4400
(203) 782-2889 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**



VIA REGULAR MAIL, EMAIL
AND FACSIMILE

September 7, 2004

Fred and Rick Jeffrey
Sterling Purchasing & National Distribution Co., Inc.
2407 Lexford Court
Louisville, KY 40242

    Re:    Sterling Purchasing & National Distribution Co., Inc. ("Sterling")

Dear Fred and Rick,

Please accept this letter as confirmation that Schlotzsky's, Inc. and its subsidiaries (including Schlotzsky's Franchisor, LLC and Schlotzsky's Brand Products, LLC) (collectively, "Schlotzsky's") have, as of the date of this letter, approved Sterling as a non-exclusive supply chain manager for the Schlotzsky's® Restaurant system, subject to the terms and conditions set forth below. Accordingly, Schlotzsky's will authorize all of its approved manufacturers, vendors and suppliers (the "Suppliers") for branded and other products and services used in the Schlotzsky's® Restaurant system (collectively, the "Products") to sell Products to Sterling or its network of distributors for re-sale to Schlotzsky's duly licensed franchisees and licensees operating Schlotzsky's® Restaurants (the "Franchisees"). This authorization shall be effective unless and until revoked by Schlotzsky's in writing to Sterling, the Suppliers and the Franchisees.

This letter also serves as a reminder to Sterling that it has obligations under the Confidentiality Agreement dated August 3, 2004 and that Schlotzsky's owns the trademarks and system utilized in the Schlotzsky's® Restaurant system and has full right and authority to review and approve all Products to be used in the Schlotzsky's® Restaurant system and all Suppliers and distributors of Products who sell Products to Franchisees for use in the Schlotzsky's® Restaurant system.

Please contact Darrell Kolinek, Senior Vice President, at 1-800-FRAN FON if you have any questions about this authorization.

Sincerely,

Sam Coats
President and CEO of Schlotzsky's, Inc.

cc.    Darrell Kolinek, Senior Vice President
       Vickie Leady, General Counsel

Schlotzsky's, Inc. 203 Colorado Street, Suite 600, Austin, Texas 78701 phone 512.236.3800 fax 512.236.3601

EXHIBIT A