IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2006 JUN -7 AM 11: 30
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

SCHLOTZSKY'S, LTD.,
      Plaintiff,

-vs-                               Case No. A-05-CA-195-SS

STERLING PURCHASING & NATIONAL DISTRIBUTION CO., INC.,
      Defendant.

## SECOND AMENDED FINAL JUDGMENT

BE IT REMEMBERED on the 27th day of February 2006, the Court called the above-captioned matter, and all parties appeared through their appropriate representatives and counsel of record and announced ready for trial, and a jury composed of seven legally qualified jurors was empaneled, and this case proceeded to trial on February 27, 2006. On March 1, 2006, the plaintiff rested its case, and the defendant filed a motion for judgment pursuant to Rule 50 of the Federal Rules of Civil Procedure and the Court carried said motion and the trial proceeded until March 2, 2006, when the defendant rested and Plaintiff moved for judgment as a matter of law pursuant to Rule 50 on Defendant/Counterplaintiff's counterclaims. The Court granted Plaintiff/Counterdefendant's motion on all of Defendant/Counterplaintiff's counterclaims finding that Defendant/Counterplaintiff failed to establish any cause of action under antitrust law, failed to establish tortious interference with any contract, and failed to present sufficient evidence of damages to support any judgment. Defendant reurged its Rule 50 motion on Plaintiff's claims and the Court overruled Defendant's Rule 50 motion. The case proceeded and after the Court had instructed the

jury and all counsel had made their final arguments, the case was submitted to the jury on March 2, 2006, and the jury returned its verdict on March 2, 2006, answering the questions as follows:

Question 1:     Yes

Question 2:     Yes

Question 3:     $350,000

Said verdict was signed by the presiding juror who advised in open court it was a unanimous verdict, and the verdict was accepted by the Court and filed by the Clerk. Thereafter, the parties filed motions for judgment and on this date the Court has entered its orders disposing of all motions pending and, based upon the pleadings, evidence, trial record, jury verdict, and the law, enters this final judgment:

1. The Court FINDS that it has jurisdiction over the parties and the subject matter.

2. The Court FINDS that Defendant Sterling Purchasing and National Distribution Company, Inc. ("Sterling") repeatedly and willfully engaged in multiple violations of Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a), through numerous false and misleading representations of fact to manufacturers and distributors as detailed in the Court's accompanying order.

3. IT IS ORDERED, ADJUDGED and DECREED that pursuant to Federal Rule of Civil Procedure 65(d), Sterling and each of its officers, agents, servants, employees, affiliates, subsidiaries, successor corporations, commonly-controlled corporations (including but not limited to any currently existing or subsequently formed corporations substantially controlled by any natural person who is now or has ever been an owner or officer of Sterling), and all other person in active concert or

participation with them who receive actual notice of this judgment (collectively, "Defendant's Affiliates") are hereby forever enjoined from using the name and mark Schlotzsky's®, or any mark similar thereto or likely to cause confusion therewith, in connection with the sale, offering for sale, distribution, advertising or a promotion of any products or services by Defendant and/or Defendant's Affiliates.

4. IT IS FURTHER ORDERED that Defendant and Defendant's Affiliates are hereby forever enjoined from making any statement to any third party that asserts, implies, or suggests any of the following: (a) that Sterling was ever appointed by either Schlotzsky's, Ltd. or the predecessor franchisor as the exclusive supply chain manager; (b) that Sterling was ever an agent of Schlotzsky's, Ltd. or the predecessor franchisor; (c) that Sterling ever had the authority to speak or act for Schlotzsky's, Ltd. or the predecessor franchisor, or to bind Schlotzsky's, Ltd. or the predecessor franchisor in any way; (d) that Sterling was responsible for purchasing and distribution of all goods within the Schlotzsky's® system; and/or (e) that Sterling had authority to enter into contracts on behalf of the Schlotzsky's® system, Schlotzsky's, Ltd., the predecessor franchisor, or any individual Schlotzsky's franchisee(s).

5. IT IS FURTHER ORDERED that Defendant and Defendant's Affiliates are hereby forever enjoined from making any false or inaccurate statements to any third party who engages in business with Schlotzsky's, Ltd. (including, but not limited to, Schlotzsky's franchisees, distributors servicing the Schlotzsky's® franchise system, and manufacturers of products sold to Schlotzsky's® franchisees) concerning any of the following subjects: (a) Sterling's past or present relationship with the

Schlotzsky's® franchise system; (b) the business practices or other commercial activities of Schlotzsky's, Ltd.; and/or (c) the business practices or other commercial activities of any franchisee, distributor, or supplier associated with the Schlotzsky's® franchise system.

6. IT IS FURTHER ORDERED that Defendant and Defendant's Affiliates are hereby forever enjoined from making any literally false or inaccurate statements to any third party concerning the Court's rulings, the jury's verdict, or the Court's judgment in this case.

7. IT IS FURTHER ORDERED that defendant and defendant's affiliates shall within thirty (30) days of this judgment send the statement set forth below (without altering its language or adding any other language) by U.S. Mail or facsimile to all Schlotzsky's franchisees and all product manufacturers of Schlotzsky's name brands that Sterling dealt with regarding distribution of Schlotzsky's products:

> As you may be aware, Schlotzsky's, Ltd. sued Sterling Purchasing and National Distribution Co., Inc. in the United States District Court for the Western District of Texas. The case was recently tried, the jury found that Sterling had willfully made false representations in violation of federal law, and the Court has ordered us to make retractions and clarifications of certain false statements we have previously made about Sterling's role in the Schlotzsky's® franchise system.
>
> At various times in the past, we have represented that Sterling (1) was appointed by the franchisor to be the system's exclusive supply chain manager; (2) was the franchisor's purchasing agent; (3) was responsible for purchasing and distribution of all goods within the Schlotzsky's® system; and (4) had authority to enter contracts on behalf of the Schlotzsky's® system, Schlotzsky's, Ltd., the predecessor franchisor, and individual Schlotzsky's franchisees. In fact, Sterling was never appointed to be the franchise system's

> exclusive supply chain manager or the franchisor's purchasing agent, and Sterling never had the authority to speak for, to act on behalf of, to contract for or otherwise to bind the franchise system, franchisor, or any individual franchisees in any way.

Defendant and Defendant's Affiliates shall concurrently serve upon Plaintiff's counsel, Edward Wood Dunham of Wiggin and Dana, written proof that the statement was sent to all the required recipients within 30 days of the date of this judgment.

8. IT IS FURTHER ORDERED that Defendant and Defendant's Affiliates are hereby forever enjoined from using, publishing or disclosing any and all confidential and/or proprietary information of Schlotzsky's, Ltd. or the predecessor franchisor, including but not limited to such information obtained through discovery in this case. Within sixty (60) days of the final judgment in this cause, Sterling will return to Schlotzsky's, Ltd. counsel Edward Wood Dunham of Wiggin and Dana all copies of documents produced by Schlotzsky's, Ltd. during discovery that Schlotzsky's, Ltd. designated "attorney's eyes only" or "confidential."

9. IT IS FURTHER ORDERED the United States District Court for the Western District of Texas, Austin Division, retains jurisdiction to enforce the terms of this injunction.

10. The Court further finds, for the reasons set forth in the Court's separate written order, that Plaintiff Schlotzsky's, Ltd. may not recover any money judgment from Defendant Sterling for disgorgement of profits that Defendant obtained through its Lanham Act violations, for which the jury awarded $350,000.00.

11. IT IS FURTHER ORDERED that Plaintiff Schlotzsky's, Ltd. shall file its bill of costs with the Clerk of Court on or before May 16, 2006.

12. IT IS FURTHER ORDERED that Defendant/Counterplaintiff Sterling shall have and recover nothing on each and every counterclaim Sterling asserted against Schlotzsky's, Ltd. in this case.

13. FINALLY, IT IS ORDERED, ADJUDGED, and DECREED that Plaintiff Schlotzsky's, Ltd. do have and recover judgment from Sterling Purchasing & National Distribution Co., Inc., the total sum of $96,304.50 with interest of 5.03 percent per annum until paid for attorneys' fees pursuant to this Court's finding that this is an "exceptional case" under 15 U.S.C. § 1117(a), plus all costs taxed by the Court, for which let execution issue.

IT IS SO ORDERED this the 6th day of June 2006.

*signature*
SAM SPARKS
UNITED STATES DISTRICT JUDGE